IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   AMERICAN MEDICAL SYSTEMS, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION                    MDL No. 2325

THIS DOCUMENT RELATES TO:

*Jennifer Bowen Rogerson, et al., v. American Medical Systems, Inc.*
Civil Action No. 2:14-cv-15929

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant, American Medical Systems, Inc.'s, ("AMS") Motion to Dismiss with Prejudice. [ECF No. 17]. The plaintiffs, who are pro se, have not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review. For the reasons stated below, AMS's Motion is **DENIED**.

I.   Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 50,000 cases currently pending, approximately 2,500 of which are in the AMS MDL, MDL 2325. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities.

Pretrial Order Number 223 ("PTO # 223") provides that plaintiffs in 517 cases in this MDL, including this case, were required to submit a Plaintiff Fact Sheet ("PFS") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. *See* PTO # 223 at ¶ B, No. 2:12-md-2325, entered Oct. 21, 2016 [ECF No. 3216]. Here, the plaintiffs failed to submit a completed PFS and AMS now moves for sanctions against the plaintiffs for failure to comply with PTO # 223. Specifically, AMS seeks dismissal of the plaintiffs' case with prejudice.

## II. Legal Standard

Federal Rule of Civil Procedure 37(b)(2) allows a court to sanction a party for failing to comply with discovery orders. *See* Fed. R. Civ. P. 37(b)(2) (stating that a court "may issue further just orders" when a party "fails to obey an order to provide or permit discovery"). Before levying a harsh sanction under Rule 37, such as dismissal or default, a court must first consider the following four *Wilson* factors identified by the Fourth Circuit Court of Appeals:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)).

In applying these factors to this case, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces.

Specifically, when handling seven MDLs containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate

the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III. Discussion

Pursuant to PTO # 223, the plaintiffs were required to submit a completed PFS by November 21, 2016. The purpose of the PFS, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [because] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. To this end, PTO # 223 provided that "[a]ny plaintiff who fails to comply with this PTO may be subject to a substantial sanction, including dismissal with prejudice." PTO # 223 at ¶ E. As of the date of this Order, the plaintiffs have not submitted a PFS, making it 259 days late.

I am cognizant of the difficulties presented by the plaintiffs not being represented by counsel at this time. The pro se litigant, however, is not immune from sanctions for failing to comply with court orders. "Pro se litigants are entitled to some deference from courts . . . . But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (internal citations omitted).

AMS asks the court to dismiss the plaintiffs' case with prejudice. The plaintiffs did not respond to AMS's motion to dismiss. Applying the *Wilson* factors to these

4

facts, and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse under Rule 37 is justified, the plaintiffs should be afforded one more chance to comply with discovery before further sanctions are imposed.

The first factor, bad faith, is difficult to ascertain, given that the plaintiffs did not respond. However, appearing before this court pro se is not itself an excuse for failing to comply with court orders and instead indicates a failing on the part of the plaintiffs, who have an obligation to comply with discovery requests and time deadlines. The plaintiffs failed to comply with PTO # 223 by timely submitting a PFS, failed to respond to AMS's Motion to Dismiss, and as of today have provided no indication that they intend to submit a PFS. Although these failures do not appear to be callous, the fact that they were blatant and in full knowledge of the court's orders and discovery deadlines leads me to weigh the first factor against the plaintiffs. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward the order of sanctions. Without a PFS, AMS is "unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re Phenylpropanolamine*, 460 F.3d at 1234. Furthermore, because AMS has had to divert its attention away from timely plaintiffs

and onto this case, the delay has unfairly affected the progress of the remaining plaintiffs in MDL 2325.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. In addition, the court expects to have to evaluate and dispose of a significant number of motions similar to the one at bar, thereby directing its time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Application of the first three factors demonstrates that this court is justified in sanctioning the plaintiffs. However, application of the fourth factor—the effectiveness of less drastic sanctions—counsels against the relief sought by AMS. Rather than imposing harsh sanctions at this time, the court opts for a lesser sanction and allows the plaintiffs one more chance to comply with PTO # 223 subject to dismissal, upon motion by the defendant, if they fail to do so. This course of action is consistent with PTO # 223, which warned the plaintiffs of the possibility of dismissal with prejudice upon failure to timely submit a PFS.

Alternative lesser sanctions, such as the ones outlined in Rule 37(b)(2)(i–iv), are simply impracticable, and therefore ineffective, in the context of an MDL containing approximately 2,500 cases. The court cannot spare its already limited resources enforcing and monitoring sanctions that are qualified by the individual circumstances of each case, nor would it be fair for the court to place this responsibility on AMS. Therefore, considering the administrative and economic realities of multidistrict litigation, I conclude that affording the plaintiffs a final chance to comply with discovery, subject to dismissal with prejudice if they fail to do so, is a "just order" under Rule 37 and in line with the Federal Rules of Civil Procedure as a whole. *See* Fed. R. Civ. P. 1.

IV. **Conclusion**

The court **ORDERS** that AMS's Motion to Dismiss [ECF No. 17] is **DENIED**. The court further **ORDERS** that the plaintiffs have **30 days** from the entry of this Order to submit to AMS a completed PFS with verifications and authorizations and to file a copy of the PFS in this case. The plaintiffs are reminded that the PFS and other forms relevant to participating in this MDL are available at http://www.wvsd.uscourts.gov/MDL/amsinc/forms.html. Information on where to submit the PFS is also available on the court's website. **Failure to comply with this Order may result in dismissal with prejudice upon motion by the defendant.**

Finally, the plaintiffs are **ORDERED** to advise the court of their correct address by **30 days** from the entry of this Order. If the plaintiffs wish to receive email notification of case activity by way of Notice of Electronic Filing in a Civil Action, they

must (1) register for a PACER account at www.pacer.gov; AND (2) consent in writing to accept service by email notification of all documents (except summons and complaint, discovery materials and Rule 26 disclosures, and waive their right to personal service or service by first class mail pursuant to Fed. R. Civ. P. 5(b)(2)(D)). This consent must be filed in this case, and the plaintiffs must state that they have received the PACER account and provide their email address. Until then, or until the court obtains an updated address for the plaintiffs, the defendant must serve the plaintiffs by U.S. Mail at the address listed below.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to the plaintiffs via certified mail, return receipt requested to the following address:

Jennifer Bowen Rogerson & Burrell Rogerson, Jr.
1095 Boardwalk
Sumter, SC 29150

ENTER: August 7, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE